# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY CRAWFORD,

      Plaintiff,

      v.                                     Case No. 07-C-470

SHERIFF ROBERT CARLSON,
DEPUTY SUTTON,
CAPTAIN SHERIFF-JAIL ADMINISTRATOR,
SERGEANT JENNINGS, and
NURSE JANE DOE,

      Defendants.

## DECISION AND ORDER

Plaintiff Larry Crawford, who is presently incarcerated at the Racine Correctional Institution (RCI), lodged a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before me on plaintiff's request to proceed in forma pauperis and his motion for "Temporary Restraining Order Pending Permanent Injunction." Both requests will be addressed herein.

### I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from

plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner was assessed an initial partial filing fee of $13.16, and on July 23, 2007, he paid a partial filing fee of $13.16. Thus, plaintiff will be permitted to proceed in forma pauperis. The remainder of the filing fee will be collected as set forth below.

## II. SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

While plaintiff is presently confined at the RCI, his claims concern events which took place while he was held at the Racine County Jail.[1] Plaintiff lists the following jail officials in the section of the verified complaint asking him to name the defendants: (1) Sheriff Robert

---

[1] Plaintiff has not specified whether he was a pretrial detainee or convicted inmate during his stay at the Racine County Jail.

3

Carlson, (2) Racine County Jail Deputy Sutton, (3) Jail Administrator Captain Sheriff, (4) Sergeant Jennings, and (5) Racine County Jail Nurse Jane Doe. (Complaint at 4.)

According to the complaint, when plaintiff was admitted to the Racine County Jail on February 16, 2007, he informed defendant Sutton that he was an "insulin-dependant [sic] diabetic." (Compl. at 6.) On February 22, 2007, plaintiff asked defendant Sutton if he could "take his P.M. insulin shot at 4:30 P.M. (meal time)" but defendant Sutton advised plaintiff that "according to plaintiff's medical chart, plaintiff was to receive his P.M. insulin at 8:00 P.M." Id. Plaintiff then advised defendant Sutton that since his arrival, he had been asking the "Jail Nurse to change this dangerous order" but his requests had gone unanswered. Id.

Plaintiff reiterated his request to take his P.M. insulin shot an hour later but his request was again denied by defendant Sutton despite the fact that plaintiff informed him that he believed his blood-sugar level to be very high. Indeed, when plaintiff checked his blood-sugar level, it was twice the normal level. When 8:00 p.m. arrived, plaintiff again asked defendant Sutton for his insulin. Defendant Sutton informed plaintiff that he would have to wait his turn because he was in the process of distributing "all 8:00 P.M. meds." (Compl. Attach. at 1.) By 8:30 p.m., plaintiff still had not received his insulin and he became dizzy, fell to his cell floor and hit his head. Thereafter, defendants Sutton and Jennings denied plaintiff's request to call 911 and his request for medical personnel because there was no nurse on duty at the time. Plaintiff states that defendants Sutton and Jennings left him on the cell floor and that defendant Sutton did not return until 9:30 p.m. at which time he gave plaintiff his insulin shot. Plaintiff was taken to the nurse's office at 1:15 a.m., and his medical chart was then changed so that he could receive his evening insulin shot at 4:00 p.m.

4

**A. Medical Care Claim**

Plaintiff avers that defendants delayed and denied him medical care for his diabetic condition and his resulting fall. As noted previously, it is unclear whether plaintiff was a pretrial detainee or a convicted inmate when the events at issue in the complaint took place. It is of no consequence, however, since the standards under the Eighth Amendment, which govern convicted inmates, are often used when considering a pretrial detainee's claim of inadequate medical care. See Board v. Farnham, 394 F.3d 469, 477-478 (7th Cir. 2005); Whiting v. Marathon Co. Sheriff's Dep't, 382 F.3d 700, 703 (7th Cir. 2004). Indeed, the court of appeals has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" Board, 394 F.3d at 478 (quoting Henderson v. Sheahan, 196 F.3d 839, 845 n. 2 (7th Cir. 1999).

To establish liability under the Eighth Amendment, a prisoner must show that: (1) his medical need was objectively serious; and (2) the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical

condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Gutierrez, 111 F.3d at 1373 (citations omitted).

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991).

Here, plaintiff has indicated that he suffered from a serious medical need related to diabetes, and thus arguably meets the first requirement for stating an Eighth Amendment claim for denial of medical care. As for the second requirement, plaintiff alleges that, at some point, defendants Sutton, Jennings, and Nurse Jane Doe all were informed of plaintiff's condition and failed to take appropriate action. Plaintiff admittedly may face an uphill battle establishing that non-medical personnel like defendants Sutton and Jennings were deliberately indifferent to his medical needs. See Perkins v. Lawson, 312 F.3d 872, 875-76 (7th Cir. 2002) ("[T]he fact that jail officials relied on the opinion of the doctors militates against a finding of deliberate indifference on the part of any jail personnel."). Nevertheless, at this stage of the proceedings, I do not believe that the facts alleged rule out the possibility that these defendants were deliberately indifferent. Accordingly, the plaintiff has arguably stated a claim under the Eighth Amendment against defendants Sutton, Jennings and Nurse Jane Doe.

## B. Personal Involvement

Plaintiff also has identified Sheriff Carlson and "Captain Sheriff-Jail Administrator" as defendants in this action. However, other than listing these defendants, the complaint fails to provide any facts indicating their direct, personal involvement in the denial of his medical care as required by Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff provided any facts showing that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. Id.; see also Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction given to pro se complaints.").

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. DeVito, 972 F.2d 871, 878 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. In light of the above, defendants Sheriff Carlson and "Captain Sheriff-Jail Administrator" will be dismissed from this action.

## C. Injunctive Relief

In connection with his medical claim, plaintiff seeks injunctive relief in the form of an order directing the defendants to "provide prompt and competent medical care at Jail."

7

(Compl. at 7.) However, plaintiff has recently advised the court that he has been transferred to RCI and is no longer subject to the policies and conditions of the Racine County Jail. When a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, becomes moot. See Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004) (citing Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996)). Thus, plaintiff may not proceed on his claim for injunctive relief.

### D. Due Process Claim

Under the section of the complaint asking plaintiff to state his legal theory, he contends that his due process rights were violated when the defendants "[f]ail[ed] to [r]espond to two related grievances . . . therefore [f]ailing to have a working grievance program at Jail." (Compl. at 6.) Plaintiff does not specify which defendants refused to respond to his grievances nor has he stated the nature of his grievances.

"A state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. Maust v. Headley, 959 F.2d 644, 648 (7th Cir.1992); Shango v. Jurich, 681 F.2d 1091, 1100-01 (7th Cir. 1982). As such, plaintiff has not stated a claim of constitutional dimension regarding the grievances. Accordingly, this claim will be dismissed, with prejudice, for failure to state a claim. See 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

8

In sum, plaintiff may proceed on his medical care claim against defendants Sutton, Jennings and Nurse Jane Doe to the extent that he is seeking monetary damages from those defendants. His remaining claims will be dismissed, as set forth herein.

### III. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a motion seeking a temporary restraining order directing the defendants to follow all guidelines set forth by the American Medical Association regarding the treatment of insulin and to provide access to medical assistance 24 hours per day. In addition, he asks that defendant Sheriff Carlson be enjoined from a variety of activities all involving the treatment of his diabetes and the provision of medication relating to that condition.

As noted previously, plaintiff has been recently transferred from the Racine County Jail to RCI, and the injunctive relief he seeks relates to conditions specific to the practices at the jail. Because he has been transferred out of the jail and fails to demonstrate any likelihood that he will be retransferred there, the need for injunctive relief is moot. See Higgason, 83 F.3d at 811. Thus, his motion for a temporary restraining order will be denied.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Sheriff Carlson and "Captain Sheriff-Jail Administrator" are **DISMISSED** from this action.

9

**IT IS FURTHER ORDERED** that the plaintiff's due process claim concerning the jail's grievance process and his claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's Motion for a Temporary Restraining order (Docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $336.84 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the

10

amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to her attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge