# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY CRAWFORD,
    Plaintiff,

v.                                          Case No. 07-C-470

DEPUTY SUTTON,
SERGEANT JENNINGS, and
NURSE JANE DOE,
    Defendants.

## ORDER

On May 23, 2007, plaintiff Larry Crawford, who is incarcerated at the Racine Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983. By decision and order of October 11, 2007, I granted plaintiff's petition for leave to proceed in forma pauperis and screened plaintiff's complaint pursuant to 28 U.S.C. §1915A. In the screening order, I concluded that plaintiff had stated an Eighth Amendment denial of medical care claim against defendants Sutton, Jennings and Nurse Jane Doe. Currently before the court are plaintiff's motions for a default judgment and to appoint counsel, and defendant Jane Doe's motion to set aside the entry of default against her.

Plaintiff filed a motion for default judgment as to defendant Nurse Jane Doe on May 14, 2008, stating that defendant Doe had failed to file an answer within the prescribed time after being served with a copy of the summons and complaint. The clerk made an entry of default the same date. On May 29, 2008, defendant Doe filed a motion to set aside the entry of default due to failure to properly serve her with the summons and complaint. Plaintiff has not responded to defendant Doe's motion to set aside the default.

According to the Federal Rules of Civil Procedure, an individual may be served either in accordance with state law, or by: personal delivery; leaving a copy at the individual's "dwelling or usual place of abode" with an appropriate person; or delivery "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1) and (2). Wisconsin law similarly provides that an individual may be served by: personal service; leaving a copy at the individual's "usual place of abode" with a competent person; serving the summons "upon an agent authorized by appointment or by law to accept service"; or a combination of publication and mailing. Wis. Stat. § 801.11(1).

In this case, the docket reflects that defendant Doe was served on January 10, 2008. See Docket # 30, Return of Service. However, the Return of Service also reflects that defendant Doe was not served personally, or by a copy left at her dwelling or usual place of abode. Rather, the summons and complaint were left with Corrections Officer Jackie Krueger at the Racine County Jail. The affidavit of Shelton Frey, general counsel for defendant Doe's employer, HPL, states that while the Racine County Jail is the place of business for certain HPL employees, it is not their dwelling or usual place of abode. (Docket # 40, ¶ 6). Attorney Frey also states, "Racine County Correctional Officer Jackie Krueger is not an agent authorized by appointment or by law to receive service of process on behalf of HPL and any of its doctors and nurses." (Id. ¶ 7). Because service was not properly made upon defendant Doe, plaintiff's motion for a default judgment is denied, defendant Doe's motion to set aside the default is granted, and the clerk is ordered to vacate the entry of default as to defendant Doe.

Turning to plaintiff's motion to appoint counsel, I note that indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court.

Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 654-55.

In this case, plaintiff fails to cross that threshold, as he has not demonstrated that he has attempted to obtain legal counsel on his own without success, or that he has been precluded from doing so.

**IT IS THEREFORE ORDERED** that plaintiff's May 14, 2008 motion for default judgment as to defendant Doe is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Doe's May 29, 2008 motion to set aside the default against her is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk's May 14, 2008 entry of default as to defendant Nurse Jane Doe is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's May 15, 2008 motion to appoint counsel is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17 day of October, 2008.

/s_____
LYNN ADELMAN
U.S. District Judge

3