## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LARRY CRAWFORD,

    Plaintiff,

    v.                                                        Case No. 07-C-470

DEPUTY SUTTON,
SERGEANT JENNINGS, and
NURSE JANE DOE,

    Defendants,

## ORDER

On May 23, 2007, plaintiff Larry Crawford, who is incarcerated at the Racine Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983. By decision and order of October 11, 2007, I granted plaintiff's petition for leave to proceed in forma pauperis and screened the plaintiff's complaint pursuant to 28 U.S.C. §1915A. In the screening order, I concluded that plaintiff had stated an Eighth Amendment denial of medical care claim against defendants Sutton, Jennings and Nurse Jane Doe. Subsequently, by decision and order of October 20, 2008, I granted defendant Doe's motion to set aside the default judgment which had been entered against her.

To expedite a resolution of this case,

**IT IS ORDERED** that defendant Doe shall file an answer to the complaint within 30 days of the date of this order.

**IT IS ALSO ORDERED** that:

1.   **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **March 20, 2009**.

The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendant may depose the plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendant serve all parties with the notice required by the rule.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **April 20, 2009**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Civil Local Rule 7.1 (E.D. Wis.) are included with this order.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

   The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a general issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4. **Service.** Under Fed. R. Civ. P. 5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

   Dated at Milwaukee, Wisconsin, this 3 day of December, 2008.

/s_____
LYNN ADELMAN
U.S. District Judge

2

**Civil L.R. 7.1 Motion Practice**

i. Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

ii. On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion. The movant may serve a reply brief and, when necessary, affidavits or other documents, within 14 days from the service of the response brief.

iii. On motions for summary judgment, the opposing party must serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief. Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.

iv. All filings under this must indicate the date and method of service. On a showing of good cause, the Court may extend the time for filing of any brief. Failure to file a timely brief shall be deemed a waiver of the right to submit it. All papers served under this rule must be filed promptly. (See Fed. R. Civ. P. 5(d).)

v. Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer.

vi. Except by permission of the Court, principal briefs on motions must not exceed 30 pages and reply briefs must not exceed 15 pages, exclusive of pages containing the statement of facts, the proposed findings of fact as required by Civil L.R. 56.2, exhibits, and affidavits, but inclusive of headings and footnotes. A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.

**Rule 56 Summary Judgment**
**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:
(1) 20 days have passed from commencement of the action; or
(2) the opposing party serves a motion for summary judgment.
**(b) By a Defending Party.** A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.
**(c) Serving the Motion; Proceedings.** The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
**(d) Case Not Fully Adjudicated on the Motion.**
(1) Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.
(2) Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.
**(e) Affidavits; Further Testimony.**
(1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
(2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.
**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) deny the motion;
(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
(3) issue any other just order.
**(g) Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.
(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)